IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 22-00238-01/06-CR-W-BCW |
| | ) | |
| DONALD A. NOLEN (01), | ) | |
| GREGORY M. SINGLETON (02), | ) | |
| ERIC M. STILLEY (04), | ) | |
| DEVIN E. LAWSON (05), | ) | |
| ERIC S. SHERIDAN (06), | ) | |
| | ) | |
| Defendants. | ) | |

## ARRAIGNMENT, TRIAL SETTING AND DISCOVERY ORDER

These defendants were arraigned on October 26, 2022, and entered a plea of not guilty.

### I. TRIAL SETTING

During the arraignment, the Court initially set the case for trial on the Joint Criminal Trial Docket commencing on December 5, 2022, and indicated that a Scheduling Conference would be held prior to the trial setting[1].

At the arraignment, counsel for defendant Bailey made an oral motion asking that the case be continued to the Joint Criminal Jury Trial Docket commencing on January 9, 2023. Defense counsel indicated that the requested continuance is necessary to allow time to obtain and review the discovery and to confer with the defendant about how to proceed. Neither Defendant, co-defendants Singleton and Stilley, nor the Government objected to the continuance request. Co-defendants Lawson and Sheridan are joined in the January 9, 2023 trial docket and do not object to the continuance request.

---

[1]The purpose of the Scheduling Conference is to determine if the case will be ready for trial on the initial trial setting, and if not, to select a realistic trial date. Further continuances of the trial date selected at the Scheduling Conference will be granted only for exceptional and unexpected circumstances. Accordingly, counsel for the defendant is expected to have reviewed discovery and conferred with the defendant prior to the Scheduling Conference.

The Speedy Trial Act of 1974, as amended, mandates the commencement of the trial of a defendant within seventy days from the defendant's first appearance before a judicial officer of the court in which the charge is pending. In computing the seventy-day time period, the periods of delay set forth in 18 U.S.C. § 3161(h) are to be excluded. Any period of delay resulting from a continuance granted at the request of a defendant is excludable if the Court finds the ends of justice served by the taking of such action outweigh the best interests of the public and the defendant(s) in a speedy trial, provided the Court sets forth the reason for such finding. *See* 18 U.S.C. § 3161(h)(7)(A).

Given the reasons discussed at the arraignment, the Court finds that it would be unreasonable to expect defense counsel to prepare this case adequately for trial prior to January 9, 2023, and that failure to grant a continuance would deny defense counsel the reasonable time necessary for effective preparation and, thus, would deny the defendant the right to effective assistance of counsel. The Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and the defendant in a speedy trial.

Based on the foregoing, defendant's oral motion for continuance is granted. This case is removed from the Joint Criminal Jury Trial Docket which commences December 5, 2022. The case is reset for trial on the Joint Criminal Jury Trial Docket which commences January 9, 2023. The Court in ordering this case removed from the December 5, 2022, Joint Criminal Jury Trial Docket is not doing so because of congestion of the Court's calendar, in accordance with 18 U.S.C. § 3161(h)(7)(c). Pursuant to 18 U.S.C. § 3161(h), the time between the date of defendant's arraignment and January 20, 2023, the last day of the January 9, 2023 Joint Criminal Jury Trial Docket, shall be excluded in computing the time within which this trial must commence.

**A Scheduling Conference will be set before US Magistrate Judge Lajuana M. Counts on December 13, 2022 at 1:45pm in Courtroom 6E.**

# DISCOVERY

At the arraignment, defense counsel requested all discovery to which defendant may be entitled pursuant to the Federal Rules of Criminal Procedure, the Federal Rules of Evidence, and the United States Constitution. The government requested all reciprocal discovery to which it is entitled pursuant to the Federal Rules of Criminal Procedure, the Federal Rules of Evidence, and the United States Constitution.

The parties are expected to comply with the following discovery deadlines contained in this Order to insure that counsel are prepared to discuss at the Scheduling Conference the nature and extent of discovery in the case, whether pretrial dispositive motions will be filed, the prospects for resolution short of trial as well as any unusual issues that will need to be considered in connection with the final trial date.

Therefore, the following discovery deadlines apply unless otherwise ordered by the Court.[2]

## A. DISCOVERY/DISCLOSURES PROVIDED BY THE GOVERNMENT

### 1. DISCOVERY

**Within ten days** from the date of arraignment, the government shall disclose or make available for **inspection, copying, or photographing** to defense counsel the following information within the possession, custody, and control of the government or the existence of which is known or by the exercise of due diligence may become known to the attorney for the government:

    a. **CONVICTIONS**

        i. A copy of the prior criminal record of the defendant, if any.

    b. **STATEMENTS**

        i. Any written or recorded statement, or copy thereof, made by the defendant which is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.

        ii. The substance of any oral statement made by the defendant whether before or after arrest, to an attorney for the government, a Federal

---

[2] The disclosures required by this Order are subject to the continuing duty to disclose contained in Rule 16(c) of the Federal Rules of Criminal Procedure.

iii. The recorded testimony of the defendant before a Grand Jury which relates to the offense charged.

c. **OTHER DISCOVERY**

i. Any books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody, or control of the government and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence-in-chief at the trial, or were obtained from or belong to the defendant.

ii. Any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the preparation of the defense or are intended for use by the government as evidence-in-chief at the trial.

2. **EVIDENCE ARGUABLY SUBJECT TO SUPPRESSION**

a. Identify and provide a list of the physical or tangible evidence seized pursuant to a state or federal search warrant, consent of the defendant or of some other person, or incident to the arrest of the defendant and as to each item described and identified provide the following:

i. The location from which the evidence was seized;

ii. The date and time of the search and seizure;

iii. The name and address of the person(s) making the seizure;

iv. The name and address of any witness(es) to the seizure; and

v. In lieu of items (i) through (iv), the government can provide all reports relating to any search and seizure within its possession, custody, and control, the existence of which is known or by the exercise of due diligence may become known to the attorney for the government.

b. Identify and list by date all electronic surveillance including any court ordered interceptions of oral or wire communications, consensual recordings of telephone conversations, body recorders, wiretaps, pen registers or trap and trace devices, video cameras, or bank surveillance cameras and provide the following:

4

      i.      A description of the type of electronic surveillance;

      ii.     The location of the electronic surveillance;

      iii.    The date and time of the surveillance;

      iv.    Copies and transcripts of any recorded conversations;

      v.     All videotapes, including bank surveillance tapes;

      vi.    All logs, notes, reports, or other material relating to the electronic surveillance; and

      vii.   In lieu of items (i) through (vi), the government can provide all reports relating to any electronic surveillance within its possession, custody, and control, the existence of which is known or by the exercise of due diligence may become known to the attorney for the government.

c. Disclosure of any identification procedure that has been used either by way of lineups or photographic or voice identification and for each such procedure provide the following information:

      i.      The name and address of each identification witness;

      ii.     The method of identification;

      iii.    The specific items used in the identification procedure, i.e., photographs, tape recordings, etc.;

      iv.    The date and location of the identification procedure;

      v.     The results of the identification procedure;

      vi     Notes, memorandum, reports and records regarding the identification procedure; and

      vii.   In lieu of items (i) through (vi), the government can provide all reports relating to any identification procedures within its possession, custody, and control, the existence of which is known or by the exercise of due diligence may become known to the attorney for the government.

### B.   DISCOVERY/DISCLOSURES PROVIDED BY THE DEFENDANT

#### 1.   DOCUMENTS/REPORTS/TESTS

Upon compliance with the government's discovery obligations under sections II.A.1.c.i or II.A.1.c.ii above, the defendant shall permit the government to **inspect, copy, or photograph** the

following categories of material:

    a.     Any books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody, or control of the defendant and which the defendant intends to introduce as evidence-in-chief at the trial.

    b.     Any results or reports of physical or mental examinations, and of scientific tests or experiments made, or copies thereof, within the possession or control of the defendant, which the defendant intends to introduce as evidence-in-chief at the trial or which were prepared by a witness whom the defendant intends to call at the trial when the results or reports relate to that witness's testimony.

### 2. ALIBI EVIDENCE

    a.     **Within thirty days** from the date of arraignment, the defendant shall serve upon the government a written notice of the defendant's intention to offer a defense of alibi. Such notice shall state the specific place or places at which the defendant claims to have been at the time of the alleged offense and the names and addresses of the witnesses upon whom the defendant intends to rely to establish such alibi.

    b.     **Within twenty days thereafter, but in no event less than ten days before trial,** the government shall serve upon the defendant a written notice stating the names and addresses of the witnesses upon whom the government intends to rely to establish the defendant's presence at the scene of the alleged offense and any other witnesses to be relied on to rebut testimony of any of the defendant's alibi witnesses.

    c.     If prior to or during trial, a party learns of an additional witness whose identity, if known, should have been included in the information furnished above, the party shall promptly notify the other party of the existence and identity of such additional witness.

## C.     EVIDENCE FAVORABLE TO THE DEFENSE[3]

### 1. *BRADY* EVIDENCE

**Within ten days** from the date of arraignment, the government is directed to disclose all evidence favorable to the defendant within the meaning of *Brady v. Maryland*. The government has an ongoing duty to provide *Brady* material. If additional *Brady* material is discovered more than ten

---

[3] The parties are to be prepared to disclose to the Court at the scheduling conference the method used to determine whether any *Brady* material exists in the government's investigative file. The government is advised that if any portion of the government's investigative file or that of any investigating agency is not made available to the defense for inspection, the Court will expect that trial counsel for the government or an attorney under trial counsel's immediate supervision who is familiar with the *Brady* doctrine will have reviewed the applicable files for purposes of ascertaining whether evidence favorable to the defense is contained in the file.

6

days after the arraignment, such information should be disclosed promptly, but in any event **within ten days of the discovery** of the additional *Brady* material.

Re: BRADY OBLIGATION, Due Process Protections Act, Pub. L. No. 116-182
(October 21, 2020).

Pursuant to the Due Process Protections Act, the Court confirms the United States' obligation to disclose to the defendant all exculpatory evidence- that is, evidence that favors the defendant or casts doubt on the United States' case, as required by Brady v. Maryland, 373 U.S. 83 (1963) and its progeny, and ORDERS the United States to do so. Failure to disclose exculpatory evidence in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court.

### 2. ENTRAPMENT EVIDENCE

**Within ten days** from the date of arraignment, the government is directed to provide discovery, inspection, and copying or photographing of any information suggesting entrapment of the defendant which is within the possession, custody or control of the government or the existence of which is known or by the exercise of due diligence may become known to the government attorney.

### D. REQUIREMENTS FOR FILING DISCOVERY MOTIONS

No attorney or defendant who has been authorized by the Court to proceed *pro se* shall file a discovery motion without first conferring with opposing counsel, and no motion will be considered by the Court unless it is accompanied by a certification of such conference and a statement of the moving party's good faith efforts to resolve the subject matter of the motion by agreement with opposing counsel.

### E. CERTIFICATION OF COMPLIANCE

At the Scheduling Conference, counsel for the government and for each defendant should be prepared to certify on the record that counsel has produced all discovery in accordance with the deadlines established in this Order. To the extent that any discovery has not been produced in accordance with this Order, counsel will be expected to outline the nature of that discovery, the reasons why the discovery was not produced in accordance with this Order, and the date by which such discovery will be produced.

**IT IS SO ORDERED.**

/s/ Lajuana M. Counts
LAJUANA M. COUNTS
UNITED STATES MAGISTRATE JUDGE